IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Alyssa K. Huff,                              ) | Civil Action No.  3:11-CV-00456-JFA |
|                                              ) | |
|                 Plaintiffs,                  ) | |
|                                              ) | |
|            vs.                               ) | **CONSENT ORDER OF DISMISSAL** |
|                                              ) | |
| Prudential and Brandijo Pearl West a/k/a     ) | |
| Brandi Huff a/k/a Brandi West,               ) | |
|                                              ) | |
|                 Defendants.                  ) | |
|                                              ) | |

THIS MATTER, having come before the Court upon the consent of all parties for entry of the within Order, and it appearing that this matter concerned entitlement to Servicemembers' Group Life Insurance ("SGLI") benefits due as a consequence of the death of Hakeem Q. Huff ("the Insured") under a SGLI policy provided by Defendant, The Prudential Insurance Company of America ("Prudential"), through the Office of Servicemembers' Group Life Insurance, to the Department of Veterans Affairs of the United States, pursuant to the Servicemembers' Group Life Insurance statute, 38 U.S.C. § 1965, *et seq*., under group policy number G-32000 ("SGLI Policy"), and it further appearing that Plaintiff, Alyssa K. Huff ("Plaintiff") is voluntarily dismissing her Complaint in this matter with prejudice and is withdrawing her claim to any death benefit due under the SGLI Policy in favor of Defendant, Brandijo Huff ("Defendant Huff") and for good cause shown,

IT IS HEREBY ORDERED that:

1.      Pursuant to Rule 41(A)(2), Plaintiff's Complaint in this matter is hereby dismissed with prejudice.

2. With respect to Prudential's counterclaim and cross-claim for interpleader as to the proceeds of the SGLI Policy, the dismissal with prejudice of Plaintiff's Complaint and Plaintiff's abandonment of her claim resolves the need for the SGLI Policy proceeds to be deposited with the Court.

3. Within twenty-one (21) days of the date of this Order, Prudential shall deliver to Brian Crotty, Esq., Nelson Mullins Riley & Scarborough, LLP, Meridian Building, 17th Floor, 1320 Main Street, Columbia, SC 29201, a check payable to "Brandijo Huff and Nelson Mullins Riley & Scarborough, LLP Attorney Trust Account" in the amount of $300,000.00, plus applicable claim interest, if any ("Death Benefit"), which represents the Death Benefit due under the SGLI Policy as a consequence of the death of the Insured.

4. Upon delivering the check as described above, Prudential shall be, and hereby is, discharged from any and all liability to Defendant Huff and/or Plaintiff Alyssa K. Huff relating to the SGLI Policy and/or the Death Benefit due under the SGLI Policy as a consequence of the death of the Insured, and Defendant Huff and Plaintiff are permanently enjoined from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, against Prudential arising out of, in connection with or relating to the SGLI Policy and/or the Death Benefit due thereunder as a consequence of the death of the Insured.

5. Defendant Huff and Plaintiff do therefore release, remise and forever disclaim all claims, rights, interests and actions that it might otherwise have held against Prudential with respect to the SGLI Policy and/or the Death Benefit due thereunder as a consequence of the death of the Insured. Each party agrees to hold

3

harmless and release Prudential and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators from all claims related to the SGLI Policy and/or the Death Benefit due thereunder as a consequence of the death of the Insured, and any claim interest, if any, in conformity with the relief requested herein.

6.      This matter be, and hereby is, dismissed with prejudice and without costs as to any party and with each party bearing its own attorneys' fees.

7.      Counsel for Defendant Huff shall serve a copy of this order upon all parties within seven (7) days of the entry of this Order.

IT IS SO ORDERED.

June 2, 2011                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge

3